J-S06029-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WILBERT A. SANCHEZ | |
| Appellant | No. 937 MDA 2015 |

Appeal from the Judgment of Sentence April 29, 2015
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0001303-2013
CP-36-CR-0002217-2013
CP-36-CR-0002222-2013
CP-36-CR-0002665-2014
CP-36-CR-0002669-2014
CP-36-CR-0004885-2013

BEFORE:  PANELLA, J., MUNDY, J., and STEVENS, P.J.E.*

MEMORANDUM BY MUNDY, J.:                **FILED APRIL 01, 2016**

Appellant, Wilbert A. Sanchez, appeals from the April 29, 2015 aggregate judgment of sentence of two to four years' imprisonment, imposed following the revocation of his probation. After careful review, we affirm.

The trial court has fully and accurately set forth the facts and procedural history of this case in its opinion filed pursuant to Pennsylvania Rule of Appellate Procedure 1925(a), as such we need not repeat them in full herein. **See** Trial Court Opinion, 6/30/15, at 1-5. Relevant to the instant appeal, we note the following. On February 24, 2015, a revocation

_____

*Former Justice specially assigned to the Superior Court.

hearing was held relative to Appellant's various parole and probationary sentences at six criminal dockets. Several of the dockets, including the probationary sentences at 2665 and 2669 of 2014, involved domestic violence related charges. At said hearing, J.R. (Mother), the mother of Appellant's four children, and the victim in Appellant's domestic violence charges testified for the Commonwealth. The Commonwealth sought revocation of Appellant's probation for three separate violations, to wit, missing appointments, displaying assaultive and threatening behavior towards Mother, and being apprehended at her residence from which he was prohibited as a special condition. N.T., 2/24/15, at 3. Appellant stipulated to the missed appointments and apprehension, as such, the hearing was only on the alleged assaultive and threatening behavior. *Id.* at 3-4. At the conclusion of said hearing, the trial court found Appellant in violation of all three of the aforementioned conditions, and ordered a pre-sentence investigation report. *Id.* at 33.

On April 29, 2015, relative to the revocation of his probationary sentences, Appellant was resentenced to an aggregate term of two to four years' incarceration consecutive to the unexpired balance of his remaining sentences, which had been the subject of the revocation of his parole. N.T., 4/29/15, at 15. Specifically, Appellant was sentenced as follows.

> As to 1303 of 2013, Count 1, the [trial c]ourt sentences him to the unexpired balance. He may be paroled after 265 days.

2217 of 2013, Count 1, the [trial c]ourt sentences him to the unexpired balance. He may be paroled after 265 days.

2222 of [20]13, Counts 1 through 5, the [trial c]ourt sentences him to the unexpired balance. He may be paroled after 265 days.

As to Count 1, the consecutive five years' probation remains.

As to 4885 of 2013, Count 1, he is to receive the unexpired balance.

Count 2, he's sentenced to the unexpired balance and may be paroled after 265 days.

2665 of 2014, Count 1, he is sentenced to incarceration in a State Correctional Institution of not less than one, nor more than two years. This is consecutive to the sentence imposed on the informations from 2013.

Count 2 is two years' probation.

2669 of 2014, Count 1, sentence of incarceration in a State Correctional Institution of not less than one, nor more than two years.

This is to be consecutive to 2665 of 2014.

Domestic violence conditions 1, 3, 6A, 7, 8 and 10 remain, as do all previously imposed conditions.

He is not RRRI eligible.

*Id.* at 13-14.

On May 4, 2015, Appellant filed a timely motion to modify sentence which was denied on May 5, 2015. On May 29, 2015, Appellant filed a timely notice of appeal.[1]

On appeal, Appellant raises the following issue for our review.

> I. Was an aggregate sentence of two to four years['] incarceration for a probation and parole violation so manifestly excessive as to constitute too severe a punishment and contrary to the fundamental norms underlying the sentencing process as it was not consistent with the protection of the public, the gravity of the offenses, the rehabilitative needs of [Appellant], and the [trial] court did not impose an individualized sentence which took into consideration [Appellant]'s circumstances?

Appellant's Brief at 5.

We review a trial court's sentence imposed following the revocation of probation for an error of law or an abuse of discretion. *Commonwealth v. Colon*, 102 A.3d 1033, 1041 (Pa. Super. 2014), *appeal denied*, 109 A.3d 678 (Pa. 2015). "An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused." *Commonwealth v. Burns*, 988 A.2d 684, 689 (Pa. Super. 2009) (*en banc*) (citation omitted), *appeal denied*, 8 A.3d 341 (Pa. 2010).

---

[1] Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

- 4 -

As the revocation of a sentence of probation is within the sound discretion of the trial court, "our review is limited to determining the validity of the revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial sentencing." *Commonwealth v. Ahmad*, 961 A.2d 884, 888 (Pa. Super. 2008). "[Our] scope of review in an appeal from a revocation sentencing includes discretionary sentencing challenges." *Commonwealth v. Cartrette*, 83 A.3d 1030, 1034 (Pa. Super. 2013) (*en banc*).

Appellant does not dispute that he violated his probation. Instead, he claims that the trial court abused its discretion when it revoked his probation and sentenced him to two to four years' imprisonment "for only a second violation of probation and parole." Appellant's Brief at 13. This challenge to the discretionary aspects of a sentence is not appealable as of right. *Colon*, *supra* at 1042. Instead, an appellant must petition for permission to appeal. *Id.* We evaluate the following factors to determine whether to grant permission to appeal a discretionary aspect of sentencing.

> Before we reach the merits of this issue, we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence [as required by Rule 2119(f) of the Pennsylvania Rules of Appellate Procedure]; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code. The third and fourth of these requirements arise because

Appellant's attack on his sentence is not an appeal as of right. Rather, he must petition this Court, in his [Rule 2119(f)] concise statement of reasons, to grant consideration of his appeal on the grounds that there is a substantial question. [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

*Commonwealth v. Edwards*, 71 A.3d 323, 329-330 (Pa. Super. 2013) (citations omitted), *appeal denied*, 81 A.3d 75 (Pa. 2013).

Here, Appellant filed a timely notice of appeal, preserved his discretionary sentencing challenge in his timely motion to modify sentence and Rule 1925(b) concise statement, and has included a Rule 2119(f) statement in his brief. Therefore, we next determine whether Appellant has raised a substantial question for our review.

The determination of whether a particular issue raises a substantial question is to be evaluated on a case-by-case basis. In order to establish a substantial question, the appellant must show actions by the trial court inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process.

*Commonwealth v. Treadway*, 104 A.3d 597, 599 (Pa. Super. 2014) (citation omitted). "At a minimum, the Rule 2119(f) statement must articulate what particular provision of the code is violated, what fundamental norm the sentence violates, and the manner in which it violates that norm." *Commonwealth v. Zirkle*, 107 A.3d 127, at 132 (Pa. Super. 2014) (citation omitted).

In his Rule 2119(f) statement, Appellant claims that by "imposing a sentence of two to four years['] incarceration, the [trial] court violated the provisions of 42 Pa.C.S. § 9721, and failed to consider this was [Appellant]'s second violation and that he was not a danger to the public."  Appellant's Brief at 10, *citing* **Commonwealth v. Riggs**, 63 A.3d 780, 786 (Pa. Super. 2012), *appeal denied*, 63 A.3d 776 (Pa. 2013).  The essence of Appellant's argument amounts to an assertion that a two to four year sentence for a second violation of probation is manifestly excessive.  Appellant's Brief at 13.

We have previously concluded "a claim that a particular probation revocation sentence is excessive in light of its underlying technical violations can present a [substantial] question that we should review." **Commonwealth v. Carver**, 923 A.2d 495, 497 (Pa. Super. 2007), *citing* **Commonwealth v. Sierra**, 752 A.2d 910, 912, 913 (Pa. Super. 2000); **Commonwealth v. Schutzues**, 54 A.3d 86, 98 (Pa. Super. 2012) (holding "[a]n argument that the trial court imposed an excessive sentence to technical probation violations raises a substantial question[]"), *appeal denied*, 67 A.3d 796 (Pa. 2013).  Accordingly, Appellant has raised a substantial question and we will address the merits of his claim.  **See Edwards**, **supra**.

The Sentencing Code provides that the trial court may impose a sentence of total confinement upon revocation of a sentence of probation if one of the following three circumstances applies.

**§ 9771. Modification or revocation of order of probation**

…

**(c) Limitation on sentence of total confinement.--**The court shall not impose a sentence of total confinement upon revocation unless it finds that:

> (1) the defendant has been convicted of another crime; or
>
> (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or
>
> (3) such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S.A. § 9771(c). We have consistently held "[t]echnical violations can support revocation and a sentence of incarceration when such violations are flagrant and indicate an inability to reform." ***Carver***, ***supra*** at 498; ***see also Schutzues***, ***supra*** at 99 (concluding that appellant's frequent contact with his young nieces was not a *de minimus* violation of his probation when one of his probation conditions barred him from having any contact with minors).

Instantly, at sentencing, the trial court set forth the following reasoning for imposing a sentence of two to four years of total confinement.

[Appellant] is 24 years of age, which shows sufficient maturity to understand the significance of his acts.

He is intelligent enough to understand the significance of his acts, having completed 11 grades of education.

He can read, write and understand the English language, certainly to an extended degree. He indicates a work history specifically with this carpet business that clearly shows he can follow directions.

He has an extremely lengthy prior record, predominantly those cases that are before us on violations. But since 2004, when he started with his simple assault and terroristic threats, two summary harassments in [20]13, and [20]14 a retail theft. There are five separate simple assaults, all related to [Mother], endangering the welfare of children, two intimidation charges and three separate violations of his probation and parole.

He has controlled [Mother] and kept her in fear for the majority of their relationship. He wants the [trial c]ourt to believe that there was no physical abuse that brought him back to th[e trial c]ourt for the violations in front of us, when, in fact, she not only reported to the probation office of hitting and choking and being punched in the stomach while pregnant, probation and parole actually saw the injuries relative to that.

He still blames her for everything. Six dockets are violent in nature. Five out of six the same victim[, Mother].

One of the most disturbing parts about this individual who is before me is that we did a hearing on this violation solely because of his attempts to intimidate her and have her come before the [trial c]ourt and lie.

It is he who is the liar, not she. It is he who is the violent person, not she. It is he who is the abusive, controlling individual, not she.

His assaultive and threatening behavior towards [Mother] will continue the minute he is around her. He was only apprehended at her request from her residence where he was clearly told by Judge Madenspacher he shall not live.

His drug and alcohol issues go back to synthetic marijuana use.

The [trial c]ourt does note, as counsel indicated in her comments on his behalf, that he has reported all kinds of abuse to himself as a young person from his mother on him. It does also indicate that he was suspended from school a lot relative to fighting.

One of the comments I saw in here is that he indicates he talks and writes - - talks or writes to her every day. I know that Judge Madenspacher's specific domestic violence conditions included the no contact provision but for custody issues with the children.

There were no custody issues with the children when he's incarcerated in the Lancaster County Prison.

The [trial c]ourt has considered the pre-sentence report in detail. The [trial c]ourt has considered the penalties authorized by the Legislature.

Incarceration is warranted because a lesser sentence would depreciate the seriousness of the crimes and the seriousness of his total lack of concern for court orders.

N.T., 4/29/15, at 11-13.

Upon review, we discern no abuse of the sentencing court's discretion. Appellant received a statutorily based sentence of total confinement after revocation of his probation for technical violations. The record supports the reasonableness of Appellant's sentence. He has a lengthy criminal record, and, at the majority of the dockets, Mother is the victim. He continues to try to control her and contact her in violation of the trial court's orders. Based on these considerations, the trial court sentenced Appellant to total confinement pursuant to 42 Pa.C.S.A. § 9771(c)(2)-(3). As "it is evident that the [trial] court was aware of sentencing considerations and weighed the considerations in a meaningful fashion[,]" this sentence should not be disturbed. *See Ahmad*, *supra*. In addition to the reasons listed, it is axiomatic that where "the sentencing court had the benefit of a [PSI], we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." **Commonwealth v. Rhoades**, 8 A.3d 912, 919 (Pa. Super. 2010) (internal quotation marks and citation omitted), *appeal denied*, 25 A.3d 328 (Pa. 2011), *cert. denied*, **Rhoades v. Pennsylvania**, 132 S. Ct. 1746 (2012). Therefore, the above factors provide a sufficient basis for the trial court to sentence Appellant to a period of total confinement.

Based on the foregoing, we conclude the trial court did not abuse its discretion in sentencing Appellant to two to four years' incarceration upon

revocation of his probation.  Accordingly, we affirm the trial court's April 29, 2015 judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/1/2016